William Galindos v. Commissioner.
Galindos v. Commissioner
Docket No. 56053.
United States Tax Court
T.C. Memo 1955-89; 1955 Tax Ct. Memo LEXIS 253; 14 T.C.M. (CCH) 303; T.C.M. (RIA) 55089; April 14, 1955
*253 Robert C. Whitley, Esq., for the respondent. KERN Memorandum Findings of Fact and Opinion KERN, Judge: Respondent determined deficiencies in petitioner's income tax liability for the calendar years 1952 and 1953 in the respective amounts of $125.86 and $167.43. The allegations of the petition filed herein are as follows: "(1) The petitioner is William Galindos an individual residing at 1454 Grand Concourse, Bronx, New York, New York. The returns for the periods here involved were filed with the collector for the district covered by the Customhouse, New York, New York. "(2) The notice of deficiency (a copy of which is attached and marked Exhibit A) was mailed to the petitioner on November 10th, 1954. "(3) The deficiencies as determined by the Commissioner are in income taxes for the calendar years 1952 and 1953 in the amount of $293.00 dollars of which approximately $285.00 dollars is in dispute. "(4) The determination of tax set forth in the said notice of deficiency is arrived at by the disallowance of certain amounts for expenses incurred by me while seeking employment in order to earn income. "The facts upon which the petitioner relies as the basis *254 of this proceeding are as follows: "(a) I was employed only four months in the calendar year 1953 and about five months in the calendar year 1952. I was unemployed and seeking employment during the major part of both these years. "(b) These long stretches of unemployment were due largely to the prevalent policy of industry in general against hiring men who have passed their thirty-fifth birthday. I am certain the Government is fully awared [awarded] of this employment problem and recognizes the hardships confronting men past the age of thirty-five in seeking employment. "(c) I am over forty-five years of age and I find it extremely difficult to get employment due to this age limit set for about 90 per cent of positions available and for which I am otherwised [otherwise] qualified. "(d) It takes a man over the age of thirty-five from four to five times as long to find a position. Men over this age limit do not have the same or equal opportunity (no matter how well-qualified they may be) when seeking employment. Their savings get exhausted and they have to borrow money to meet expenses to cover these long stretches of forced unemployment. "(e) Therefore, expenses incurred *255 while seeking employment in order to gain income are not the same or comparable as between men under the age of thirty-five who readily or in a short time secure employment and men over the age who have great difficulty over a much more prolonged and excessive period of time through no fault of their own and only because of requirements imposed by employers. "Wherefore, the petitioner prays that this Court may hear the proceedings and that the deductions for the expenses described above be allowed." The respondent, on March 11, 1955, filed a Motion for Judgment. See (No. 21 October 29, 1954). The theory of this motion is that even if all the allegations in the petition are taken as true, for the purposes of the motion, the petition fails to state a cause of action and as a matter of law no justifiable controversy is presented for decision. A hearing was held on said motion on March 30, 1955. Respondent appeared by counsel who presented oral argument. Petitioner filed a memorandum in lieu of personal appearance. The motion was taken under advisement to permit a thorough examination of the pleadings and record herein and the arguments *256 of the parties addressed to the motion. In our opinion the motion of respondent must be granted. The expenses involved herein were incurred by petitioner while unemployed and incident to seeking employment. Consequently he was not carrying on any business when the expenditures were made, and there is no statutory authority for the deduction in any computation of petitioner's taxable income. ; ; . Petitioner's contention that a different rule should apply in cases where such expenditures are made by men over 35 years of age who are unemployed is not supported by law. A decision will be entered dismissing this proceeding and finding the deficiency to be the amounts determined by respondent.